UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROY L. SMARTT,

Plaintiff,

v. Case No: 6:17-cv-354-Orl-41TBS

PAUL G. IRICK,

Defendant.

---

REPORT AND RECOMMENDATION

This case comes before me on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I construe as a motion for leave to proceed *in forma pauperis* (Doc. 2). Upon due consideration I respectfully recommend that the motion be **denied** and that this case be **dismissed** without leave to amend.

**Discussion**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324

(1989). Still, the Supreme Court cautions that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

On March 2, 2017, Plaintiff filed a complaint which simply contains a list of accusations directed at United States Magistrate Judge Daniel C. Irick,[1] based on Judge Irick's December 5, 2016 report and recommendation entered in Case No. 6:16-cv-1667:

> This action arises out of / fr [sic] from the Defendant acting UNDER COLOR of his authority as a judge, To be set forth in these proceedings.
>
> (1) Illegally ALTERING Civil Action in Federal Court.
>
> (2) Created his own 'DEFENDANT' to fit his own personal need and desure[sic].
>
> (3) LIED in several places thru-out his ;REPORT AND RECOMMENDATION.
>
> (4) ENTERED FALSE STATEMENTS in several places in his REPORT AND RECOMMENDATION.
>
> (5) FALSIFIED THE RECORDS OF PLAINTIFF'S CIVIL ACTION Beyound[sic] repair.
>
> (6) Defendant ALTERED Plaintiff's case AFTER CASE WAS FILED, Without authorization from Plaintiff.

(Doc. 1).

Plaintiff's specific complaints include that:

---

[1] For some inexplicable reason, Plaintiff lodges his complaint against a non-existent "Paul G. Irick, Magistrate Judge, 401 W. Central Blvd. U.S. Courthouse, Orlando, Florida 32801" (Doc. 1).

(A) Defendant illegally ADDED the word "AND" to the caption of the Plaintiff's COMPLAINT as filed in Federal Court.

(B) Defendant "SUBTRACTED" the word "DIRECTOR" from the 'CAPTION' of the Plaintiff's COMPLAINT as filed in Federal Court.

(C) Defendant made the DIRECTOR of the Plaintiff's Complaint, SCOT LEVINS, to "DEFENDANT".

(D) Defendant 'RENAMED THE DIRECTOR TO "DEFENDANT".

(E) The Defendant added a "S" to Defendant of the Plaintiff's COMPLAINT and made it "DEFENDANTS".

(F) Defendant 'CREATED HIS OWN DEFENDANT DEFENDANTS)[sic].

(G) Defendant FALSELY ACCUSED Plaintiff of using and relying on the "FIFTH AMENDANT [sic] OF THE U.S. CONSTITUTION OF defendant's own false entry of the record.

(H) Defendant found the Plaintiff to be a PAUPER. Yet, Defendant DENYED the Plaintiff the RIGHT TO PROCEED IN FORMA PAUPUS [sic] IN FEDERAL COURT.

(I) Defendant has proven to be dishonest and a lier [sic].

(Id. at 2-3). Plaintiff previously made these allegations in the form of objections to the report and recommendation (Case No. 6:16-cv-1667, at Doc. 7), and they were overruled (Id., Doc. 8).

Plaintiff has not alleged any basis for the Court's jurisdiction over this case and I find that he has failed to state a cause of action upon which relief can be granted, in violation of FED. R. CIV. P. 8(a) and 9(b).[2]

---

[2] To state a claim, a plaintiff must provide a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). Also, if, as is the case here, a plaintiff is also claiming fraud, he must satisfy the heightened pleading standard in Rule 9(b). FED. R. CIV. P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions

Typically, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam). But, there is not a shred of a viable claim here. Plaintiff's claims are frivolous and giving him leave to amend would, in my view, be futile. See Brett v. Florida Police, No. 6:07-CV-2023-ORL-31GKJ, 2008 WL 190587, at *3 (M.D. Fla. Jan. 22, 2008) ("Legal theories are frivolous when they are 'indisputably meritless.' Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist.'") (citations omitted).

## Recommendation

Plaintiff has now had two opportunities to object to Judge Irick's report and recommendation (Doc. 1; Case No. 6:16-cv-1667, at Doc. 7) and both attempts have failed. At this stage, I am not persuaded that allowing Plaintiff additional leave to amend would be fruitful. Accordingly, I respectfully recommend that the district judge **DENY** the pending motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** this case without further leave to amend.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

---

of a person's mind may be alleged generally."

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on March 10, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
*Pro se* Plaintiff